**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

| | |
|---|---|
| **WILLIAM ROBERTS WILSON, JR.; ALWYN H. LUCKEY and WILLIAM ROBERTS PA, William Roberts Wilson, P.A., Professional Corporation** | **PLAINTIFFS** |
| **VS.** | **CIVIL ACTION NO. 3:02CV525WHB-JCS** |
| **RICHARD F. SCRUGGS, P.A.; SCRUGGS, MILLETTE, LAWSON, BOZEMAN AND DENT, P.A., Professional Corporation; ASBESTOS GROUP, P.A., Professional Corporation and RICHARD F. SCRUGGS, Richard F. Scruggs, P.A., Professional Corporation** | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on the Motion to Dismiss Notice of Liens and the Motion to Authorize Interpleader of Funds filed by William Roberts Wilson, Jr. and William Roberts Wilson, Jr. P.A. (collectively referred to hereafter as "Wilson"), Plaintiffs in this matter. The court has reviewed both of the Motions, which relate to a claim by Michael Allred, former counsel for the Plaintiffs, to a share of the settlement proceeds in this matter by virtue of an attorney's lien. Because the court concludes that it should not exercise jurisdiction over Mr. Allred's claim, the Motions will be denied, for the reasons more fully explained below.

The legal controversy between the original parties to this case began with the filing of a lawsuit in the Circuit Court of Hinds County by Alwyn Luckey in 1994. Wilson intervened in that lawsuit, in which both Luckey and Wilson, former law partners of Richard Scruggs, claimed that Scruggs and his law firm had wrongfully failed to pay them their share of proceeds from asbestos cases that were resolved after their departure. During the course of that litigation, Wilson and Allred executed an Employment Agreement, in which Wilson promised to pay Allred forty percent of any

proceeds of his litigation against Scruggs. Vicki Slater was an employee of the Allred firm until her departure in 1999. In September, 2000, the Allred firm was terminated as counsel for Wilson, and Slater has represented him since that time.

During the pendency of the state court proceedings, the Plaintiffs sought to amend their Complaint to add a claim that, after the money due to them from asbestos proceeds had been wrongfully withheld, the Scruggs Defendants used it to fund their litigation against the tobacco industry. Thus, the Plaintiffs contended, they were entitled to a portion of the proceeds from the tobacco litigation, as well. The state court judge refused to permit the amendment, and the Plaintiffs filed a federal action in the Eastern District of Texas on May 17, 2001, in which they sought to recover fees from the tobacco litigation. Subsequently, the state judge purported to rule that the Plaintiffs had no right to the tobacco fees.

The Defendants moved for summary judgment in the federal case, on grounds of *res judicata* and/or collateral estoppel, based on the state court's ruling. District Judge David Folsom wrote a lengthy opinion on this issue, in which he discussed the extensive and convoluted state court proceedings and concluded that the issue of tobacco fees was never properly before the state court. Thus, he decided, the state court's rulings had no preclusive effect over the federal court. Judge Folsom also concluded that there were insufficient grounds for abstention under the doctrine set forth in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). Judge Folsom finally held, however, that the case should be transferred to this District, where it was initially assigned to District Judge Tom S. Lee. The same arguments were then presented to Judge Lee, who rejected them and permitted this case to continue.

Extensive discovery was conducted, after which Luckey's claims were severed and transferred to the Northern District of Mississippi for resolution. The Defendants moved for summary judgment against Wilson, which was denied by an Opinion entered by Judge Lee in April, 2005. Judge Lee also refused to set the case for trial, holding that a favorable ruling on Wilson's claim for asbestos fees in state court was a prerequisite to success on his federal claims. Thus, he held, "the better course is to allow the state court litigation to proceed first to a conclusion before proceeding further with this case."

The state court trial was scheduled to begin on August 21, 2006. On July 6, 2006, Allred executed a "Notice of Retaining and Charging Liens" and filed the Notice in both the state and the federal cases. The state court judge considered the filing to have subjected Allred to the jurisdiction of that court and ordered Allred to deliver all documentary evidence of his claim to counsel for Wilson. The judge further stated in his Order that he intended to determine the issue of attorneys' fees in "post-verdict proceedings by the Court."

On August 31, 2006, before the case went to the jury for deliberation, the parties announced that they had settled. The state court docket is not before this court, nor is that court's final judgment. However, according to Allred, the parties permitted a judgment against the Plaintiffs to be entered in that proceeding. The parties prepared and offered a Final Judgment of Dismissal with Prejudice in this matter, noting that the case had been settled. Allred characterizes this as a maneuver to avoid having the issue of attorneys' fees decided in state court. The Final Judgment, which was signed by Judge Lee and entered on September 6, 2006, further ordered that this action "shall remain open as to the Plaintiffs for resolution of the attorney's lien filed herein by Michael S. Allred and The Allred Law Firm." Subsequent to the entry of the Final Judgment, the Plaintiffs

3

filed the Motions currently before the court. Shortly thereafter, Judge Lee recused himself, and this matter was reassigned.

Jurisdiction over this case is based on the existence of a federal question, the Plaintiffs having brought their claims under the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. 1961-1968 (2000 ed. & Supp. III). When a federal court has original jurisdiction over a matter, it may exercise supplemental jurisdiction over related claims that form part of the same case or controversy. 28 U.S.C. § 1367(a)(2000). This is so even when additional parties would have to be joined in the matter. *Arbaugh v. Y & H Corp.*, ___ U.S. ___, 126 S. Ct. 1235, 1245 (2006); *Exxon Mobil Corp. v. Allapattah Svcs., Inc.*, 545 U.S. 546, 125 S. Ct. 2611, 2623 (2005). However, § 1367(c)(3) also permits a federal court to decline to exercise supplemental jurisdiction over a state law claim if it has dismissed all claims over which it had original jurisdiction. *See Pierce v. Gilchrist*, 167 Fed. Appx. 37, 39 (10th Cir. 2006) (holding that district court properly refused to exercise jurisdiction over indemnification claim after federal claims dismissed).

Here, the original claim over which this court had jurisdiction was dismissed with Judge Lee's entry of a Final Judgment. The attorneys' fee issue is basically a state law contractual claim over which this court would not have jurisdiction if it stood alone, as the parties are not diverse. Thus, § 1367(c)(3) permits the court to decline to exercise jurisdiction over the issue, which is the appropriate course of action here, for several reason. First, while the claim for attorneys' fees could not be recovered until a judgment was entered, under Mississippi law, the right to the fees arose prior to Allred's discharge in September, 2000. *Tyson v. Moore*, 613 So. 2d 817, 826 (Miss. 1992) (holding that an attorney has the right "to retain before judgment and charge after judgment"). This case was not filed until May, 2001. Second, the claim has, at most, a tangential relationship to

Wilson's claims against Scruggs for tobacco fees.  According to Judge Folsom's opinion, the claim for tobacco funds was made by Wilson's "new attorneys," implying that, up to the time of Allred's discharge, the only claim before the state court was the claim for asbestos fees.  The claim for tobacco fees arose later, and is the only issue in this federal case.  Thus, it appears to this court that Allred's claim has little or no relationship – either temporal or substantive – to this case.

Another consideration is Mississippi law, which indicates that the proper procedural vehicle in which to press this claim may be a new lawsuit.  While Allred characterizes his right to fees as a "lien," neither a charging lien nor a retaining lien may be exercised by an attorney over his client's property unless the attorney has possession of it.  *Brothers in Christ, Inc. v. American Fidelity Fire Ins. Co.*, 680 F. Supp. 815, 818 (S.D. Miss. 1987); *Halsell v. Turner*, 84 Miss. 432, 36 So. 531 (1904); *Stewart v. Flowers*, 44 Miss. 513 (1870).  Where the attorney is not in possession of the property against which he seeks to impose a lien, his recourse appears to be a separate action based on breach of contract.  *Stevens*, 762 So. 2d 293; *Collins v. Schneider*, 187 Miss. 1, 192 So. 20, 23 (1939).  It appears that the state court plans to proceed on this matter as part of its original proceedings; however, regardless of its procedural posture, the claim is entirely dependent on a construction of Mississippi contract law, which should be left to the state court to decide.

For all of these reasons, the court is of the opinion that it should not exercise jurisdiction over this collateral issue.  In making this ruling, the undersigned is aware that the Final Judgment entered by Judge Lee (but prepared by counsel) permitted this case to remain open for resolution of this issue.  Further consideration of the matter, however, compels the conclusion that it should be resolved in state court.  Thus, the court will decline Wilson's invitation to take control of the *res*, in the form of settlement proceeds, from which Allred seeks satisfaction, and the Motion to Authorize

Interpleader of Funds will be denied.  The court will also deny the Motion to Dismiss Notice of Liens, as granting the Motion and dismissing the Notice could be construed as a substantive ruling on the merits of Allred's claim.

IT IS, THEREFORE, ORDERED that the Plaintiff's Motion to Authorize Interpleader of Funds and the Motion to Dismiss Notice of Liens are hereby **denied**.  To further clarify the Final Judgment entered by District Judge Tom S. Lee on September 7, 2006, the court will enter an Amended Final Judgment, pursuant to Fed. R. Civ. P. 58.  This Amended Final Judgment will reaffirm Judge Lee's dismissal of the Plaintiffs' claims with prejudice and also reflect the court's ruling on the reserved issue of attorneys' fees, thereby permitting the Clerk to close this file.

IT IS SO ORDERED, this the 6th day of November, 2006.

                                          s/William H. Barbour, Jr.
                                       UNITED STATES DISTRICT JUDGE